

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 29, 1970

Honorable Andy Shuval                    Opinion No. M-763
County Attorney
Deaf Smith County Courthouse      Re:  Questions relating to
Hereford, Texas  79045                  authority of county of-
                                        ficers over juveniles.

Dear Mr. Shuval:

        Your recent letter requesting the opinion of this
office concerning the referenced matter poses the following
questions:

        "1.  Can the County Commissioners hire an
    individual as a deputy sheriff and charge him with
    investigating and handling juveniles in the same
    manner as a deputy might be charged with investi-
    gating and handling hot check cases.  It is under-
    stood that the deputy in question would report
    the findings of his investigation to the County
    Attorney for determination as to whether a formal
    complaint needs to be filed as provided in Article
    2338-1, V.A.T.S.

        "2.  In connection with the above question,
    can the County Judge utilize this deputy to make
    investigations for him and aid the Juvenile Court
    in other matters as the Judge may request.

        "3.  Can a Juvenile Judge commit a juvenile
    to jail in the manner shown by the copy of the
    attached commitment."

The Order of Commitment attached to your letter was entered by
the Judge of the Juvenile Court of Deaf Smith County, and it
orders the commitment of a 16-year old male child, adjudged a
delinquent, to the Deaf Smith County Jail "for a period of 90
days, subject to the Court's review."

        Firstly, under the provisions of Article 3902, Vernon's
Civil Statutes, a commissioners court does not have authority to
appoint a deputy sheriff.  However, the sheriff makes application

-3726-

to the commissioners court for appointment of such deputy, and the commissioners court, within its discretion, authorizes the appointment of such deputy and sets his salary within the minimums and maximums authorized by law.  The commissioners court, or any member thereof, is prohibited from attempting to influence the appointment of any person as a deputy and such appointment is the exclusive function of the sheriff.

The sheriff may authorize the deputy so appointed to investigate and handle juvenile matters and to report the findings of his investigations to the County Attorney in accordance with Article 2338-1(7), Vernon's Civil Statutes, as hereinbelow set forth.

In our view, the legal issue presented for resolution by the substance of your first two questions is as follows: Does a deputy sheriff have the ex officio authority to perform the functions of a juvenile officer?

The powers of a juvenile officer are set forth in Article 5142, which provides, in part, as follows:

"Such (juvenile) officers shall have authority and it shall be their duty to make investigations of all cases referred to them as such by such (county juvenile) Board; to be present in court and to represent the interest of the juvenile when the case is heard, and to furnish to the court and such Board any information and assistance as such Board may require, and to take charge of any child before and after the trial and to perform such other services for the child as may be required by the court or said Board, and such juvenile officers shall be vested with all the power and authority of police officers or sheriffs incident to their offices."

We believe the foregoing Article evinces the intention of the Legislature to place primary responsibility for handling cases involving juvenile delinquents on individuals designated as juvenile officers.

However, Article 2338-1(7), Vernon's Civil Statutes, provides that:

"Any person may, and any peace officer shall, give to the Judge, County Attorney, or to the Probation Officer of the county, information in his

> possession that a child is within the provisions of
> this Act.  Thereupon the Judge, the County Attorney
> or the Probation Officer shall make or have made,
> preliminary inquiry to determine whether the interests
> of the public or of the child require that further
> action be taken.  If either the Judge or the County
> Attorney shall determine that formal jurisdiction
> should be acquired, the County Attorney shall prepare
> and file in the court, or any attorney may prepare
> and file in the court, a petition alleging briefly
> the facts which bring said child within the pro-
> visions of this Act, and stating:  (1) the name, age
> and residence of the child; the names and residences,
> (2) of his parents, (3) of his legal guardian, if
> there be one; (4) of the person or persons having
> custody or control of the child; and (5) of the
> nearest known relative, if no parent or guardian
> can be found.  If any of the facts herein required
> are not known by the petitioner, the petition shall
> so state.  The proceedings shall be styled 'In the
> matter of _____ a delinquent child.'"
> (Emphasis added.)

A deputy sheriff is county peace officer, and is, therefore,
one of the persons and officers who may act under this Article.
With the exception of the duties imposed upon peace officers by
this Article, we are unable to find any further authorization for
the performance by a deputy sheriff of the duties of a county
juvenile officer.

We are of the opinion that the following statement
of the law is applicable to your question:

> "Public officers . . . possess only such
> powers as are expressly conferred on them by law
> or are necessarily implied from the powers so
> conferred.  They cannot legally perform acts not
> authorized by existing law."  47 Tex.Jur.2d 139-40,
> Public Officers, Sec. 106.

In view of the foregoing, we hold that a deputy sheriff
has no ex officio authority to perform the duties of a county
juvenile officer, with the exception of those duties set forth in
Article 2338-1(7), supra.  However, this opinion does not restrict
the duties or functions of any peace officer relative to any
offenses committed by juveniles.

Your third question, and the copy of the commitment submitted to us in connection therewith, involves the legality of a juvenile court judge's committing a juvenile to a county jail.

Article 2338-1(13)(c) provides as follows:

"If the (juvenile court) judge or jury finds that the child is delinquent, or otherwise within the provisions of this Act, the court may by order duly entered proceed as follows:

"(1) place the child on probation or under supervision in his own home or in the custody of a relative or other fit person, upon such terms as the court shall determine;

"(2) commit the child to a suitable public in-stitution or agency or to a suitable private insti-tution or agency authorized to care for children; or place the child in a suitable family home or parental home for an indeterminate period of time, not extending beyond the time the child shall reach the age of twenty-one years;

"(3) make such further disposition as the court may deem to be for the best interest of the child, except as herein otherwise provided."  (Emphasis added.)

Article 2338-1(17) provides:

"No female person over the age of ten (10) years and under the age of eighteen (18) years, or any male person over the age of ten (10) years and under the age of seventeen (17) years, shall be placed or committed to any compartment of any jail or lockup in which persons over juvenile age are incarcerated or detained; but shall be placed in a room or ward separate and apart from that occupied by adults . . . The proper authorities of all counties shall provide (a) suitable place of detention for such juveniles separate and apart from any jail or lockup in which adults are confined.  Said detention place may be in the same building housing adults, or in a building separate and apart from that where adults are confined."  (Emphasis added.)

Article 5143c(12), Vernon's Civil Statutes, directs that:

"When any child is adjudged delinquent under provision of Section 13 of Chapter 204 of the General Laws of the Regular Session of the Forty-eighth Legislature, 1943, (Sec. 13, Article 2338-1, of Vernon's 1948 Statutes), and the Court does not release such child unconditionally, or place him on probation or in a suitable public or private institution or agency other than a State Training School, the Court shall commit him to the (State Youth Development) Council, but may suspend the execution of the order of such commitment."

In view of Sections 13(c) and 17 of Article 2338-1 and Article 5143c, Section 12, which must be harmonized and considered together, we are of the opinion that it is manifest that a juvenile court judge has no power or authority whatsoever to order a juvenile delinquent committed to a county jail to serve a sentence.

## S U M M A R Y

(1) A deputy sheriff has no ex officio authority to act as a county juvenile officer, with the exception of the duties relating to juveniles set forth in Article 2338-1(7), Vernon's Civil Statutes. However, a sheriff may authorize one of his deputies to investigate and handle juvenile matters and to report the findings of his investigations to the County Attorney.

(2) A juvenile court judge has no authority, pursuant to Sections 13(c) and 17 of Article 2338-1, Vernon's Civil Statutes, to order the commitment of a juvenile delinquent to a county jail other than for temporary detention pending his other disposition.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Dan Green
Sam Jones
Gordon Cass
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant